UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CIV-23266-WILLIAMS

ALEXIS LOPEZ,

    Plaintiff,

v.

CANO HEALTH, LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Chris M. McAliley's Report and Recommendation ("***the Report***") (DE 21) on the Parties' Joint Motion for Approval of the Settlement Agreement ("***the Joint Motion***") (DE 18) in the above-captioned case.

On September 9, 2021, Plaintiff Alexis Lopez ("***Plaintiff***") initiated this action against Defendants Cano Health, LLC and Marlow Hernandez (collectively, "***Defendants***") under the Fair Labor Standards Act of 1938 ("***FLSA***"), codified at 29 U.S.C. § 201, *et seq.* (DE 1.) On November 5, 2021, Plaintiff filed a notice of settlement in this case. (DE 15.) On November 23, 2021, the Parties filed the Joint Motion (DE 18), requesting that the Court approve their Settlement Agreement (DE 18-1), dismiss this action with prejudice, and retain jurisdiction to enforce the terms of the Settlement Agreement. On December 6, 2021, Judge McAliley entered the Report, recommending that the Court grant the Joint Motion and approve the Settlement Agreement. (DE 21.) Both Plaintiff and Defendants have filed notices on the docket stating that they do not object to the Report. (DE 22; DE 23.)

To approve a settlement agreement in an FLSA action, a federal district court must determine that the compromise reached between the parties constitutes a fair and reasonable resolution of a *bona fide* FLSA dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Further, when a plaintiff is represented by counsel, review of the

reasonableness of attorney's fees serves to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Here, under the Proposed Settlement Agreement, Defendants intend to pay Plaintiff $700.00 in unpaid wages and $700.00 in liquidated damages and will also pay Plaintiff's counsel $3,600.00 as compensation for Plaintiff's attorney's fees and costs. (DE 18-3 at 3.) Further, Defendant will be required to make full payment to Plaintiff's counsel no later than 10 business days after the Court approves the Settlement Agreement. (*Id.*) Judge McAliley found that the Parties' compromise constitutes a fair and reasonable resolution of this dispute and recommends that the Court retains jurisdiction for 30 days to enforce the Settlement Agreement. (DE 21 at 2-3.) Upon an independent review of the Report, the Proposed Settlement Agreement, the underlying record, and relevant case law, the Court agrees.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 21) are **AFFIRMED AND ADOPTED**.
2. The Parties' Joint Motion for Approval of the Settlement Agreement (DE 18) is **GRANTED**.
3. The Parties' Settlement Agreement (DE 18-3) is **APPROVED**.
4. This action is **DISMISSED WITH PREJUDICE** and each side will bear its own fees and costs, except as otherwise provided in the Settlement Agreement. (DE 18-3.)
5. This case remains closed.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 8th day of December, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE